**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**M. Angelo STROZIER,**
**Defendant–Appellant.**

**Nos. 90–4057, 90–4076.**

United States Court of Appeals,
Sixth Circuit.

Argued May 21, 1991.

Decided July 29, 1991.

Gregory C. Sasse, Asst. U.S. Atty. (argued), Cleveland, Ohio, for plaintiff-appellee.

John B. Gibbons (argued), Cleveland, Ohio, for defendant-appellant.

Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.

SUHRHEINRICH, Circuit Judge.

Defendant M. Angelo Strozier appeals the district court's *sua sponte* addition of a three year term of supervised release to his sentence one week after the initial sentencing order was filed. Defendant contends that the district court's amendment of his sentence violated the double jeopardy clause of the fifth amendment. In response, the government argues that the court acted within its authority in amending defendant's sentence to conform with the mandatory provisions of the sentencing guidelines.

For the reasons stated below, we hold that the district court acted within its authority in amending defendant's sentence to conform to U.S.S.G. § 5D1.1(a), which requires a mandatory term of supervised release if a term of imprisonment in excess of one year is imposed. However, we further conclude that defendant's term of supervised release may not exceed the *minimum* mandatory term of two years, as provided under U.S.S.G. § 5D1.2(b)(2).

I.

On October 4, 1989, defendant entered into a non-binding agreement with the government, under Fed.R.Crim.P. 11(e)(1)(B), to plead guilty to bank fraud in violation of 18 U.S.C. § 1344. The agreement recommended a ten month "split" sentence. The first five months to be served in prison and the second five months to be served in a community confinement program.

On December 22, 1989, the district court held a sentencing hearing at which it found that the applicable offense level under U.S.S.G. § 2F1.1 was 11 and that the appropriate guideline range was 8–14 months imprisonment. The court then sentenced defendant to fourteen months in the custody of the Attorney General, seven months of which would be served in prison and seven months to be served in community confinement under the supervision of the Probation Department. The court also ordered restitution which was ultimately fixed in the amount of $121,422.25 in the judgment and sentencing order filed on February 7, 1990. On February 14, 1990, the district court, *sua sponte*, filed an amended judgment and sentencing order which, in addition to the seven months of imprisonment, seven months of community confinement, and restitution, imposed a three year term of supervised release.

On March 9, 1990, defendant appealed the imposition of a three year term of

supervised release to this court. Before the case could be argued, however, the parties stipulated to a remand for resentencing by the district court, apparently to clarify the record for appeal; and, on August 6, 1990, 909 F.2d 1485, this court entered an order remanding the case for resentencing "consistent with the sentencing guidelines sections 5C1.1(d), 5D1.-2(b)(2), and 5D1.3." [1]

On November 19, 1990, the district court held a resentencing hearing at which it imposed the sentence set forth in its February 14, 1990 amended judgment and sentencing order. A judgment and sentencing order was then entered imposing seven months in prison, seven months in community confinement, three years of supervised release, and restitution.[2]

## II.

### A.

The first issue which we must consider is whether a court may, consistent with the due process clause of the fifth amendment,[3] *sua sponte* amend a sentencing order after it has been entered. This precise issue was addressed by the Fourth Circuit in *United States v. Cook*, 890 F.2d 672 (1989), in which it held that a district court has "[inherent] authority to modify a sentence to correct an acknowledged and obvious mistake" during "that period of time in which either party may file a notice of appeal." 890 F.2d at 675. Thus, under our reading of *Cook*, a court may *sua sponte* amend a sentence (1) if it does so within the time for appeal and (2) only amends the sentence to conform it to the *mandatory* provisions of the Sentencing Guidelines.

We agree with the Fourth Circuit's approach in *Cook*. No prejudice is suffered by the defendant if the district court amends a sentence which would have otherwise violated a mandatory provision of the Sentencing Guidelines. As the court noted in *Cook*, however, once the sentence has become a final non-appealable order, the district court may no longer amend or modify a sentence without violating defendant's due process rights. *Id.* Further, the power of a district court to amend a sentence only extends to a situation where the district judge has misapplied the Sentencing Guidelines, not to situations where he simply changes his mind about the sentence. *Id.*

### B.

In this case, the district court entered its amended judgment and sentencing order exactly one week after the initial judgment and sentencing order was filed. Thus, the court's amendment of defendant's sentence was within the ten day time limit for appeals in criminal cases set forth in Fed.R. App.P. 4(b)(i).

Having determined that the court acted within the relevant time period, we must next determine whether supervised release was *mandatory* under the Sentencing Guidelines. Specifically, we must consider:

---

1. U.S.S.G. § 5C1.1(d) authorizes the district court to impose a term of supervised release when the minimum term of imprisonment is more than six months but not more than ten months. Section 5D1.2(b)(2) provides that in cases where the imposition of supervised release is discretionary, the term shall be "at least two years but not more than three years for a defendant convicted of a class C or D felony." Section 5D1.3 sets forth the conditions of supervised release.

2. The court's judgment and sentencing order again omitted the term of supervised release. However, in this instance, the court had already indicated that it intended to impose such a term. Thus, the court was authorized to *sua sponte* amend the judgment and sentencing order un-

der Fed.R.Crim.P. 36, which allows clerical mistakes "arising from oversight or omission" to be corrected.

3. Although defendant argues that the district court's actions in this case violated his right against double jeopardy, we doubt that such a claim exists under *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), in which the Court held that "a [criminal sentence] does not have the qualities of constitutional finality that attend acquittal" for double jeopardy purposes. *Id.* at 134, 101 S.Ct. at 435–36. Thus, we construe defendant's double jeopardy claim to be that of a denial of due process. *See, e.g., United States v. Lundien*, 769 F.2d 981, 985 (4th Cir.1985).

(1) whether supervised release was required in defendant's sentence under section 5D1.1; and (2), if so, what was the mandatory term of supervised release under section 5D1.2.

### 1.

■ The government contends that a sentence of "imprisonment" includes both actual prison time and "community confinement." Therefore, the government argues that defendant's total sentence of seven months of imprisonment and seven months of community confinement makes supervised release mandatory under section 5D1.1(a), which provides: "The court *shall* order a term of supervised release to follow imprisonment *when a sentence of imprisonment of more than one year* is imposed, or when required by statute." (Emphasis added). Defendant, on the other hand, contends that only his seven month prison term should be included in calculating his "sentence of imprisonment." Therefore, defendant argues that supervised release was discretionary with the court under section 5D1.1(b), which provides: "The court *may* order a term of supervised release to follow imprisonment in any other case." (Emphasis added).

The minimum term of imprisonment in this case was eight months. The court, acting within its discretion, imposed a sentence at a higher point in the guideline range of fourteen months. Instead of sentencing defendant to the full fourteen months in prison, however, the court gave defendant a "split sentence" under section 5C1.1(d), which provides:

> If the minimum term of imprisonment in the applicable guideline range in the Sentencing Table is more than six months but not more than ten months, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) *a sentence of imprisonment* that includes a term of supervised release *with a condition that substitutes community confinement* or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by the imprisonment. (Emphasis added).

It is clear from the plain language of section 5C1.1(d)(2), underlined above, that a split sentence merely *substitutes* community confinement for imprisonment. *See United States v. Bogas,* 920 F.2d 363, 367 (6th Cir.1990). In fact, section 5C1.1(e)(2) specifically equates one day of community confinement with one day of imprisonment for the purpose of calculating the term of imprisonment. They are, therefore, treated as equivalents. Finally, the application notes to U.S.S.G. § 5C1.1 repeatedly make clear that a given "term of imprisonment" may be comprised of both a period of incarceration and a period of community confinement. "For example, where the guideline range is 8–14 months, a sentence of four months imprisonment followed by a term of supervised release with a condition requiring four months community confinement ... would satisfy the minimum term of imprisonment required by the guideline range." Sentencing Guideline Note 4 to U.S.S.G. § 5C1.1(d).

If we accepted defendant's overly literal construction of the word "imprisonment," he would not only benefit by the court's leniency in imposing a split sentence, but would also then incidentally escape mandatory guideline provisions with regard to supervised release. We doubt the drafters intended such a result. The underlying purpose of a split sentence is to allow part of the confinement to be served in an institution which offers a more flexible living environment, not to reduce the total period during which defendant must remain accountable to the government. *See* Federal Sentencing Guidelines Manual, Chapter One, Part A Sentencing Commentary 4(d), "Probation and Split Sentences" (Nov. 1, 1990).

In sum, we hold that "community confinement" is included within the definition of "imprisonment" as that term is used in section 5D1.1(a). Therefore, because defendant's split sentence of seven months in prison and seven months of community confinement exceeds one year, section 5D1.1(a) requires supervised release.

## 2.

We must next determine the appropriate term of supervised release. Defendant's conviction for bank fraud, a Class C felony under 18 U.S.C. § 3559(a)(3) (as amended Nov. 18, 1988), carries with it a term of supervised release of at least two years but no more than three years under section 5D1.2(b)(2). As we noted earlier, the district court's authority to *sua sponte* amend defendant's sentence only allowed it to conform the sentence to a *mandatory* requirement of the sentencing guidelines or, in this case, the two year term.

## III.

In conclusion, we hold that the district court acted within its authority in *sua sponte* amending defendant's sentence, with in the time limit for an appeal, to include a mandatory term of supervised release under section 5D1.1(a). However, we VACATE that part of defendant's sentence which imposes a three year term of supervised release and REMAND with instructions to impose the mandatory two year term of supervised release as provided under section 5D1.2(b)(2). In all other regards, defendant's sentence is AFFIRMED.