996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gena K. MCKENZIE, Defendant-Appellant.
 No. 93-10098.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 20, 1993.
 
 1
 Before REINHARDT, TROTT and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Gena K. McKenzie appeals her sentence imposed after revocation of probation. McKenzie contends that her sentence unlawfully exceeds the maximum allowable for her underlying offense under the Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 McKenzie pled guilty to one count of passing a U.S. Treasury check bearing a forged endorsement, in violation of 18 U.S.C. § 510(a)(2). On November 6, 1992, following her guilty plea, McKenzie was sentenced to a period of 60 months probation with supervision, and was required to comply with certain specified conditions and terms. On December 5, 1992, McKenzie's probation officer filed a Petition for Probation Action asserting that McKenzie had violated the express conditions of her probation. The district court held an evidentiary hearing and, finding that the government's petition had merit, vacated its earlier judgment and commitment order and resentenced McKenzie to a term of eight months imprisonment followed by a thirty-six month period of supervised release. In addition to the standard conditions of supervised release, the court ordered, in part, that "1) after release from confinement [McKenzie] is to reside in a half-way house until released by the Probation Office, but for a term not to exceed one (1) year." The district court denied McKenzie's Motion to Correct Sentence.
 
 
 5
 We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 
 
 6
 McKenzie argues that her twelve month assignment to a halfway house constitutes a de facto substitute for imprisonment. Accordingly, McKenzie maintains that the twenty month custodial "sentence" to which she potentially is subject impermissibly falls outside of the 2-8 month Sentencing Guidelines range for her offense. Thus, McKenzie does not contest the district court's calculation of the applicable Guidelines sentencing range,[1] or that her eight month prison term, standing alone, is consistent with these limits, nor does she question whether the district court was authorized to impose a three year period of supervised release; her only claim is that the district court, having chosen the maximum term of imprisonment permitted by the Guidelines, could not order a subsequent period of supervised release that included community confinement.[2]
 
 
 7
 McKenzie's argument fails. The conditions of her supervised release are expressly authorized by the Sentencing Guidelines, as well as by statute. Cf. United States v. Purvis, 940 F.2d 1276, 1279 (9th Cir.1991) ("s 3583 authorizes the revocation of supervised release even when the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will extend the maximum incarceration permissible under the substantive statute"). Section 5D1.1(b) of the Sentencing Guidelines provides that "[t]he court may order a term of supervised release to follow imprisonment in any [case where supervised release is not required by section 5D1.1(a) ]." U.S.S.G. § 5D1.1(b). When a term of supervised release is ordered, "the length of the term shall be ... (2) at least two years but not more than three years for a defendant convicted of a Class C or D felony."[3] U.S.S.G. § 5D1.2(b)(2); 18 U.S.C. § 3583(b)(2). With respect to the conditions of supervised release, section 5D1.3(c) directs that "[r]ecommended conditions of supervised release are set forth in § 5B1.4." See also 18 U.S.C. § 3583(d). Section 5B1.4 states that, "[r]esidence in a community treatment center, halfway house or similar facility may be imposed as a condition of probation or supervised release." U.S.S.G. § 5B1.4(b)(19); see also 18 U.S.C. § 3563(b)(12). Section 5B1.4(b)(19) cites U.S.S.G. § 5F1.1, the latter similarly providing that "[c]ommunity confinement may be imposed as a condition of probation or supervised release."[4] Cf. United States v. Latimer, No. 91-50420, slip op. 4137, 4143 (9th Cir. Apr. 26, 1993) ("the Commission repeatedly draws a sharp distinction between confinement in a community treatment center or halfway house and confinement in a conventional prison facility").
 
 
 8
 McKenzie's reliance on U.S.S.G. § 5C1.1, United States v. Pippin, 903 F.2d 1478 (11th Cir.1990), and United States v. Strozier, 940 F.2d 985 (6th Cir.1991) is misplaced.[5] Section 5C1.1 concerns the use of community confinement as a whole or partial substitute for a term of imprisonment, not as a condition of supervised release. In the former case, one day of community confinement is tantamount to one day of imprisonment for purposes of satisfying the minimum term of the applicable Guideline range. U.S.S.G. § 5C1.1(e)(2). While crediting time served in community confinement toward a defendant's prison term in one context, yet refusing to do so when community confinement is designated "supervised release," may seem "anomalous," the statutory language and the Guidelines are clear.
 
 
 9
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 10
 Two Guidelines sections provide for the imposition of community confinement as a condition of supervised release: section 5F1.1 and section 5B1.4(b)(19), which refers to section 5F1.1. Under Guidelines Section 5F1.1 application note 2, community confinement should not be imposed for a period in excess of six months unless it is "to accomplish the objectives of a specific rehabilitative program." Here, the court imposed a community confinement in excess of six months without a specific rehabilitative program. This was error.
 
 
 11
 There is no indication that the district court considered application note 2. It was required to accord the application note controlling authority. See Stinson v. United States, No. 91-8685, 61 U.S.L.W. 4447, 4449-50 (May 3, 1993) (commentary explaining how to apply guideline must be given controlling weight).
 
 
 12
 I would remand to allow the district court to consider section 5F1.1 application note 2.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its Statement of Reasons for Imposing Sentence, the district court stated that McKenzie's offense level was 6, her criminal history category was III, and that the Guidelines range for her incarceration was 2 to 8 months
 
 
 [2]
 The Commentary to U.S.S.G. § 5F1.1 defines "community confinement" to mean "residence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community facility; and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours." Application Note 1. We use "community confinement" interchangeably with "halfway house."
 
 
 [3]
 A violation of § 510(a)(2) is a Class C felony. 18 U.S.C. § 3559(a)(3)
 
 
 [4]
 Any inference that time spent in community confinement as a condition of supervised release must be credited toward prison time is undermined by the specificity of section 5F1.2. U.S.S.G. § 5F1.2; see also 18 U.S.C. § 3563(b)(20). § 5F1.2 explicitly states that, "[h]ome detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment " (emphasis added). Thus, it is reasonable to presume that had the Sentencing Commission intended for community confinement to serve as a substitute for imprisonment in the context of supervised release, the Guidelines would have been as explicit as § 5F1.2
 
 
 [5]
 The Ninth Circuit cases relied upon by McKenzie, Brown v. Rison, 895 F.2d 533 (9th Cir.1990) and Grady v. Crabtree, 958 F.2d 874 (9th Cir.1992), are similarly inapposite. Both Brown and Grady involved the interpretation and application of a statute, 18 U.S.C. § 3568, which explicitly guaranteed that a defendant shall be granted "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." § 3658 was repealed before McKenzie committed the instant offense