UNITED STATES of America,
Plaintiff–Appellee,

v.

Gregory SWIGERT, Defendant–Appellant.

No. 93–1943.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1994.

Decided March 8, 1994.

Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, James T. Zuba, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Rockford, IL, for plaintiff-appellee.

John Nelson (argued), Rockford, IL, for defendant-appellant.

Before MANION, KANNE, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

In this case, we must consider whether the district court retained its discretion to impose a sentence composed in part of community confinement or home detention under section 5C1.1(d)(2) of the federal Sentencing Guidelines once the court had approved a Fed.R.Crim.P. 11(e)(1)(C) plea agreement that required it to impose a specific "term of imprisonment." Although the district court indicated its inclination to impose a split sentence, it concluded that the plea agreement required a sentence composed entirely of confinement in prison. The court therefore sentenced Gregory Swigert to eight months in a federal penitentiary. Swigert contends that the court retained its discretion to impose a split sentence under the Guidelines, and he asks that we remand to enable the court to do so. Because we agree with the district court that a split sentence was not permitted under Swigert's plea agreement, we affirm his sentence.

## I. BACKGROUND

Swigert was charged with bankruptcy fraud after he filed a voluntary chapter-seven petition on behalf of his baseball card business, Greg Swigert Enterprises. The four-count indictment charged that Swigert and E. Marvin Bresson had fraudulently concealed, transferred, and ultimately sold cer-

tain inventory of the business and that they had made false statements to conceal their fraud. Swigert pled guilty to all four counts pursuant to a written plea agreement that was governed in part by Fed.R.Crim.P. 11(e)(1)(C).[1] In that agreement, the government promised to move for a downward departure pursuant to Sentencing Guidelines section 5K1.1 to account for Swigert's "substantial assistance" in building a case against his co-defendant Bresson. The plea agreement then provided:

> [T]his plea agreement is governed, in part, by Federal Rule of Criminal Procedure 11(e)(1)(C). That is, the parties have agreed that the incarceration component of any sentence imposed by the Court shall be a term of imprisonment in the custody of the Attorney General of sixty-seven percent (67%) of the low-end of the applicable sentencing guidelines range. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate.

The district court accepted Swigert's guilty plea pursuant to this agreement.

At his sentencing hearing, Swigert and the government agreed that Swigert's offense level under the Guidelines was thirteen, that his criminal history category was I, and that his range was therefore twelve to eighteen months in prison. The government made its section 5K1.1 motion in accordance with the plea agreement and stated that Swigert's sentence under that agreement should be eight months in prison. Swigert's counsel then suggested that a split sentence may be available under U.S.S.G. § 5C1.1(d)(2), as the applicable sentence was within Zone C of the Sentencing Table. The government disagreed, and when the parties were unable to resolve their dispute, they asked the district court to interpret the agreement's operative terms. The court agreed with the government, concluding that the plea agreement was clear in requiring a jail term of eight

months, rather than a split sentence composed in part of either community confinement or home detention. Judge Reinhard indicated, however, that absent the plea agreement, he might have been inclined to impose a split sentence. After rejecting the possibility of a split sentence, the court afforded Swigert the opportunity to withdraw his guilty plea, but Swigert declined. The court then sentenced Swigert to eight months confinement in prison to be followed by three years of supervised release. Swigert appeals, arguing that he was eligible for a split sentence under section 5C1.1(d)(2).

## II. DISCUSSION

■ The government first contends that Swigert's appeal is moot because he has completed his eight-month prison term and has begun serving his three years of supervised release. We disagree. The community confinement or home detention component of a split sentence under Guidelines section 5C1.1(d)(2) is considered a condition of supervised release. *See* U.S.S.G. §§ 5F1.1 & 5F1.2; *United States v. Jalili,* 925 F.2d 889, 892 (6th Cir.1991). Thus, if the district court had imposed a split sentence in conjunction with the same three-year term of supervised release, Swigert's supervised release would have commenced during his four months of alternative confinement, earlier than it otherwise did. Because this appeal therefore has the potential to affect Swigert's term of supervised release, it is not moot. *United States v. Eske,* 925 F.2d 205, 206 n. 2 (7th Cir.1991); *see also United States v. Smith,* 991 F.2d 1468, 1470 (9th Cir.1993); *United States v. Lira–Barraza,* 941 F.2d 745, 746 n. 1 (9th Cir.1991) (en banc).

■ Swigert argues that once the district court granted the government's motion for a downward departure and determined to impose a sentence of eight months, his sentencing range fell within Zone C of the Sentencing Table, making him eligible for a split

---

1. Rule 11(e)(1)(C) provides:

   (1) The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or

nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

\* \* \* \* \* \*

   (C) agree that a specific sentence is the appropriate disposition of the case.

sentence of either community confinement or home detention under section 5C1.1(d)(2). Although Swigert concedes that the district court was bound to adhere to the Rule 11(e)(1)(C) plea agreement once the court accepted it, he maintains that this agreement did not preclude a split sentence. We disagree.[2]

Swigert and the government agreed in the plea agreement that the "incarceration component" of Swigert's sentence "shall be a term of imprisonment in the custody of the Attorney General of sixty-seven percent (67%) of the low-end of the applicable sentencing guidelines range." The district court determined that this language contemplated that the entire "term of imprisonment" be made up of confinement in prison, rather than either community confinement or home detention. We review that determination for clear error. As we explained in *United States v. Yanez*, 985 F.2d 371, 376 (7th Cir. 1993), " 'the interpretation of disputed terms in a plea agreement should be determined by the district court to which the plea was originally submitted based on "objective standards," and ... where the district court has made such a determination, it should be set aside only if clearly erroneous.' " (quoting *United States v. Fields*, 766 F.2d 1161, 1168 (7th Cir.1985)); *see also United States v. Strawser*, 739 F.2d 1226, 1229–30 (7th Cir.), *cert. denied*, 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984).

The district court's interpretation of the plea agreement is supported by the very Guidelines section that authorizes split sentences. Section 5C1.1 plainly draws a distinction between "imprisonment" and either community confinement or home detention. *See United States v. Latimer*, 991 F.2d 1509, 1513 (9th Cir.1993) ("the division between imprisonment and community treatment center confinement is emphasized again in § 5C1.1"). That section permits "a term of supervised release with a condition that substitutes community confinement or home detention ..., provided that at least one-half of the minimum term is satisfied *by imprisonment*." U.S.S.G. § 5C1.1(d)(2) (emphasis added); *see also id.* at Application Note 4. Community confinement and home detention are thus *imprisonment substitutes* and do not themselves constitute "imprisonment." *See* U.S.S.G. § 5C1.1(e)(2) & (3) (setting rate at which a day of community confinement or home detention *substitutes* for a day of imprisonment); *see also Latimer*, 991 F.2d at 1513–14; *Jalili*, 925 F.2d at 894; *United States v. Jordan*, 734 F.Supp. 687, 688 (E.D.Pa.1990).

The distinction between "imprisonment" and these sentencing substitutes is reinforced by section 5C1.1(f), which provides that where the applicable Guideline range falls within Zone D of the Sentencing Table, the minimum term must be satisfied only "by a sentence of imprisonment." *See also* U.S.S.G. § 5C1.1 Application Note 8 ("where the applicable guideline range is in Zone D of the Sentencing Table ..., the minimum term must be satisfied by a sentence of imprisonment without the use of any of the imprisonment substitutes in subsection (e)."). The Sentencing Commission clearly used "sentence of imprisonment" in subsection (f) to mean only confinement in prison, and we will not impose a different meaning on the Commission's use of the same phrase in subsection (d) of the same Guidelines provision. *See* U.S.S.G. § 5C1.1(d)(1) (alternative to a split sentence under subsection (d)(2) is a "sentence of imprisonment").

The distinction drawn in section 5C1.1 between "imprisonment" and either community confinement or home detention is consistent with the plain meaning of the term "imprisonment,"[3] and there is no indication that the

---

2. The government suggests that Swigert is ineligible for a split sentence in any event because his offense level (13) does not fall within Zone C of the Sentencing Table. Swigert maintains that he is eligible for a split sentence because once the district court accepted the government's suggested departure, the agreed-upon sentence of eight months was within Zone C. Because we conclude that the parties' plea agreement would not permit a split sentence even if Swigert were indeed eligible, we need not resolve the eligibility question here.

3. *See, e.g., United States v. Rosengard*, 949 F.2d 905, 908 nn. 3 & 4 (7th Cir.1991) (discussing minimum "terms of imprisonment" permitted by subsections 5C1.1(c) & (d) and using that phrase to mean only confinement in prison), *cert. de-*

parties intended a different meaning in the present plea agreement. Indeed, it appears that the parties never discussed the possibility of a split sentence when they executed the plea agreement. The government apparently believed that the agreement did not contemplate such a sentence, and we believe that if Swigert had a different understanding, he was obligated to alert the government so that the parties could then expressly address in their Rule 11(e)(1)(C) agreement whether a split sentence would be permitted. Yet Swigert never raised the possibility of a split sentence until shortly before his sentencing, prompting the government to suggest that Swigert was attempting to obtain at sentencing more than he had bargained for in the plea agreement. Even if Swigert had assumed when executing the plea agreement that a split sentence would be available, the plain language of section 5C1.1 and of the agreement itself makes that assumption unreasonable.

Swigert's reliance on *United States v. Strozier*, 940 F.2d 985 (6th Cir.1991), is unavailing. There, the Sixth Circuit considered whether a term of supervised release was compelled by section 5D1.1(a) of the Guidelines, which requires supervised release "when a sentence of imprisonment of more than one year is imposed." The district court had settled on a sentence of fourteen months but then split the sentence under section 5C1.1(d)(2), imposing a sentence of seven months in prison and seven months community confinement. Strozier therefore argued that supervised release was not required because his sentence did not include "imprisonment" of more than one year. The Sixth Circuit disagreed and held that "community confinement" is included within the

definition of "imprisonment" for purposes of section 5D1.1(a) so that a mandatory period of supervised release was required. *Id.* at 988. We need not disagree with *Strozier* to conclude that Swigert was not eligible for a split sentence here. *Strozier* set out to determine what the Sentencing Commission intended by its use of the term "imprisonment" in section 5D1.1(a). That section is not at issue here, and *Strozier*'s interpretation of it therefore has little bearing on what the parties intended by the phrase "term of imprisonment" in the present plea agreement.[4] Section 5C1.1(d)(2) of the Guidelines, which is at issue in Swigert's case, draws a clear distinction between "imprisonment" and either community confinement or home detention. The sentence imposed by the district court is

AFFIRMED.

---

*nied*, —— U.S. ——, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992).

**4.** Indeed, the Sixth Circuit itself subsequently refused to apply *Strozier*'s interpretation of the term "sentence of imprisonment" in section 5D1.1(a) to the Guidelines' use of the same phrase in section 4A1.1. The court explained that the Guidelines "caution against attempting to achieve definitional coherence across numerous provisions" where the Sentencing Commission did not provide a definition of general applicability. *United States v. Rasco*, 963 F.2d 132, 137 (6th Cir.), *cert. denied*, —— U.S. ——, 113

S.Ct. 238, 121 L.Ed.2d 173 (1992) (citing U.S.S.G. § 1B1.1 Application Note 2).

Although it would be inconsistent and illogical to apply different meanings to the same word or phrase in different *subsections* of a single Guidelines provision (*see supra* at 445), the same rule does not apply to the consideration of different *sections* altogether, as similar words and phrases may be used in distinct provisions of the Guidelines that focus on completely different aspects of the sentencing process. In that circumstance, absent a definition of general applicability, the same meaning would not necessarily apply. U.S.S.G. § 1B1.1 Application Note 2.