116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicole L. MUELLER, Defendant-Appellant.
 No. 96-3857.
 United States Court of Appeals, Seventh Circuit.
 Argued June 11, 1997.
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. Robert W. Warren, Judge.
 Before POSNER, Chief Judge, and MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Nicole Mueller appeals the district court's revocation of her supervised release and the consequent sentence. We affirm the revocation, but vacate the sentence and remand.
 
 
 2
 In 1995 Nicole Mueller was convicted on a plea of guilty to the fraudulent use of a social security number. She was sentenced to five months imprisonment, three years supervised release, and $8,163.80 in restitution. After being released from prison in December 1995, Mueller, as part of her supervised release conditions, lived at Horizon Halfway House, a community confinement facility. Mueller suffered from psychological problems but did not take her lithium medicine regularly while at Horizon House. She also needed surgery, for which she had to prepay. She did so on January 31, 1996, with a $1,321 check written on a closed account. At the time she had missed a substantial number of doses of lithium, according to a Horizon House staff member.
 
 
 3
 On March 5, 1996, the United States Probation Office filed a petition for the revocation of Mueller's supervised release, citing the fact that Mueller had written a check on a closed account (a violation of Wisconsin law) and that she had not paid any restitution. At the revocation hearing, held October 29, 1996, Mueller did not contest either that she had written the check or that she had failed to make timely payments on her restitution obligation. Rather, she asserted that she suffered from a mental disease or defect, namely bipolar affective disorder, which made her incapable of understanding the wrongfulness of her actions at the time she wrote the worthless check. The district court found that Mueller had violated the terms of her supervised release. She was sentenced to serve 19 months and one day imprisonment, with the last seven months in community confinement.
 
 I. Revocation
 
 4
 To revoke a term of supervised release, the court must find by a preponderance of the evidence that the defendant violated the terms of the supervised release. 18 U.S.C. § 3583(e)(3); United States v. Goad, 44 F.3d 580, 585 (7th Cir.), cert. denied, 116 S.Ct. 93 (1995). In reaching its decision the court may consider all reliable evidence. United States v. Pratt, 52 F.3d 671,675 (7th Cir.), cert. denied, 116 S.Ct. 216 (1995).
 
 
 5
 Mueller argues that the evidence presented at the revocation hearing did not establish by a preponderance of the evidence that she violated her supervised release conditions. During the hearing, she conceded that she had in fact written the check and had not made any restitution payments. Mueller contends, however, that the evidence presented at the hearing regarding her mental competency shows that she should not be held responsible for her actions.
 
 
 6
 The federal insanity statute, 18 U.S.C. § 17, provides:
 
 
 7
 (a) Affirmative defense.--It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of [her] acts. Mental disease or defect does not otherwise constitute a defense.
 
 
 8
 (b) Burden of proof--The defendant has the burden of proving the defense of insanity by clear and convincing evidence.
 
 
 9
 We recognize that another circuit has concluded that in probation revocation proceedings, mental disease under § 17 does not constitute a defense to the commission of an offense. United States v. Brown, 899 F.2d 189 (2d Cir.1990). In this case we need not decide whether § 17 applies to supervised release revocations, however, because in any event Mueller has failed to fulfill the burden imposed by the statute.
 
 
 10
 It is Mueller's burden to show by clear and convincing evidence that her bipolar affective disorder prevented her from being able to appreciate the wrongfulness of her actions. The testimony presented at the hearing--from two psychiatrists who essentially contradicted each other--did not establish Mueller's mental state clearly and convincingly. Accordingly, the decision to revoke Mueller's supervised release, in the face of her concession that she did pass a bad check, was not improper.
 
 II. Sentence
 
 11
 Mueller further challenges the sentence imposed by the district court, nineteen months and one day imprisonment with the last seven months to be spent in community confinement. The government urges us to apply the plain error test because Mueller did not object upon the imposition of sentence. We note, however, that Mueller had no reason to object at the sentencing hearing: it was only later, when the judgment order was issued, that the illegality of Mueller's sentence became apparent. The transcript of the revocation hearing makes clear that the district judge intended to sentence Mueller to 12 months and one day in prison and seven months in community confinement. The judgment order, however, reads, "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 19 months and 1 day. The last 7 months are to be spent in community confinement with work release privileges."
 
 
 12
 Mueller argues correctly that the district court has no jurisdiction to direct where she will spend her period of incarceration; it can only recommend, not order, where sentences of imprisonment are to be served. United States v. Voda, 994 F.2d 149, 151 (5th Cir.1993); United States v. Jalili, 925 F.2d 889, 894 (6th Cir.1991). The district court may impose a sentence split between imprisonment and community confinement, but it must impose community confinement as a condition of supervised release, not as a condition of imprisonment. The Guidelines provide that "[c]ommunity confinement may be imposed as a condition of probation or supervised release." U.S.S.G. § 5F1.1. "The community confinement or home detention component of a split sentence under Guidelines section 5C1.1(d)(2) is considered a condition of supervised release." United States v. Swigert, 18 F.3d 443, 444 (7th Cir.1994). See also United States v. Adler, 52 F.3d 20, 21 (2d Cir.1995) (per curiam) ("The term of supervised release, but not the term of imprisonment, may be conditioned upon a period of community confinement."); United States v. Fraley, 988 F.2d 4, 5 (4th Cir.1993) ("[T]he district court could have divided Fraley's sentence between a period in prison and a period of supervised release with a condition of community confinement or home detention."); Voda, 994 F.2d at 152-53 (vacating sentence and outlining alternatives: "[T]he district court may require Voda to serve a period of confinement under the custody of the Bureau of Prisons with a recommendation as to the place of confinement, may require him to serve at a community corrections facility and perhaps designate the place of such confinement, or may remove this condition of probation altogether.").
 
 
 13
 The district court thus had both the intention and the power to split Mueller's sentence between a period of imprisonment and a period of community confinement. The judgment order, however, does not reflect the sentence announced by the district court at the revocation hearing. As it is written it exceeds the district court's jurisdiction. Consequently, the revocation of Mueller's supervised release is affirmed, but we vacate Mueller's sentence and remand for the entry of a correct judgment order.