

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# USA v. Afuwajomo

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3968

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Afuwajomo" (2007). *2007 Decisions.* Paper 85.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/85

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3968

_____

UNITED STATES OF AMERICA

v.

KOYODE AFUWAJOMO,
also known as AJORINDE P. MILLER-AGANYEMI

Koyode Afuwajomo,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 06-cr-00052-1)
District Judge: Honorable Joel A. Pisano

_____

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI[*], Judge

(Filed December 12, 2007 )

_____

_____

[*] Hon. Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

OPINION

SLOVITER, Circuit Judge.

Koyode Afuwajomo, an illegal immigrant from Nigeria, was convicted in June 1993 for the importation and possession of heroin with intent to distribute, and was sentenced to sixty months imprisonment and four years of supervised release. At the time of his entry into the United States in 1987 and thereafter, including during the period of his supervised release, Afuwajomo used the identity of his younger cousin, Ayorinde Miller-Aganyemi, who was born in the United States in 1974 but who moved with his family to Nigeria in 1977. Miller-Aganyemi had a hearing and speech disability, and his status as a disabled youth was the basis for the vulnerable victim enhancement.

In 1997, Miller-Aganyemi applied to the United States Embassy in Lagos, Nigeria to renew his expired American passport, but that application was denied because of Afuwajomo's 1993 drug conviction using Miller-Aganyemi's identity. Ultimately, Miller-Aganyemi's family was able to prove his true identity and he received a renewed passport. He, his mother and sister then relocated to the United States.

In 2002, Afuwajomo filed a fraudulent Statement of Lost Passport and a passport application, again bearing the name of Miller-Aganyemi, and submitted a birth certificate and driver's license also bearing that name. He received a United States passport. He was ultimately charged with, and pled guilty to, making false statements in his 2002 passport application in violation of 18 U.S.C. §§ 1542 and 2 and was sentenced on

2

August 22, 2006 to eighteen months imprisonment and a three-year term of supervised release.

Afuwajomo completed serving his federal prison sentence on or about December 15, 2006, having been in custody since the date of his arrest on August 25, 2005. After serving time in state custody on state charges, Afuwajomo was detained by immigration authorities on January 22, 2007 pending his deportation.[1]

This matter comes before us on Afuwajomo's appeal from the sentence imposed on his 2006 federal conviction, following his guilty plea, for making false statements on his passport. Initially, we must consider the government's argument that Afuwajomo's appeal has been rendered moot by the completion of his prison term. Although an incarcerated defendant's challenge to the validity of his conviction satisfies the case-or-controversy requirement, the defendant's suit becomes moot upon release unless s/he can demonstrate some "collateral consequence" that continues beyond the expiration of the sentence and is "likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted). Moreover, a released defendant's not-yet-completed mandatory term of supervised release does not constitute an adverse consequence that can be redressed by a favorable judicial decision on a challenge to his already-served prison time, as a term of supervised release cannot be

---

[1] The court was informed that Afuwajomo is currently still in custody of the immigration authorities and is scheduled to have an immigration hearing in January 2008.

reduced "by reason of excess time served in prison." United States v. Johnson, 529 U.S. 53, 60 (2000); DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005).

If Afuwajomo's appeal is only challenging the length of his prison term, based upon an improper guideline calculation, then this appeal would be rendered moot by the fact that he has fully served his prison sentence. Although we agree with the government that the essence of Afuwajomo's appeal appears to go to the calculation of his offense level and guideline range used to determine his prison sentence, his appeal would not be moot if his claim were that his term of supervised release was invalid, a claim that may be gleaned from portions of his brief.

In United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998), this court noted that the defendant's appeal was not rendered moot by virtue of his having served his prison term, because "if we were to find an error in the application of the [sentencing] enhancement, the appropriate sentencing range would be reduced . . . [and t]his reduction would likely merit a credit against [the defendant's] period of supervised release for the excess period of imprisonment to which [he] was subjected." Although Johnson rejected the notion of "crediting" excess prison time against a defendant's term of supervised release, a decrease in Afuwajomo's sentence on remand could affect the term of his supervised release in this case where there is no statutory minimum period of supervised release. See United States v. Verdin, 243 F.3d 1174, 1178 (9th Cir. 2001) (defendant's appeal not moot because success "could alter the supervised release portion of his

4

sentence" (quoting <u>Dawson v. Scott</u>, 50 F.3d 884, 886 n.2 (11th Cir. 1995)); <u>United States v. Trotter</u>, 270 F.3d 1150, 1152-53 (7th Cir. 2001) ("[O]n remand a district judge would have discretion to shorten the term of supervised release.") (citing <u>United States v. Swigert</u>, 18 F.3d 443 (7th Cir. 1994)).

The government cites to <u>United States v. Blackburn</u>, 461 F.3d 259, 262 (2d Cir. 2006), to support its argument that the appeal is moot because it is unlikely that the District Court would impose a reduced term of supervised release on remand. That court noted in a footnote that "we may assume that in the typical case [where the district court is not so explicit about supervised release], . . . an appellate court could fairly deem it likely enough that, if the merits issue were decided in favor of the defendant, the district court would use its discretion on remand to modify the length of a term of supervised release" so long as the reason for doing so is not to offset excess prison time. <u>Id.</u> at 262 n.2.

Unlike <u>Blackburn</u>, this case fits within the range of "typical case[s]" that may result in a modified term of supervised release on remand. For instance, the District Court's statement that the vulnerable victim enhancement would not necessarily have "a dramatic practical affect [sic] upon the sentence," App. at 20, is not such a "clear expression" providing "vivid insight into the sentencing court's concerns" as to render the possibility of a reduction on remand "so remote and speculative that any decision on the merits" would amount to an advisory opinion. <u>Blackburn</u>, 461 F.3d at 262 & n.2. We

5

will therefore not dismiss for mootness.

However, on reaching the merits of Afuwajomo's appeal, we conclude that it fails. With respect to the vulnerable victim enhancement, Application Note 2 to U.S.S.G. § 3A1.1 defines a "vulnerable victim" as a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." The enhancement may be applied where: "(1) the victim was particularly susceptible or vulnerable to the criminal conduct; (2) the defendant knew or should have known of this susceptibility or vulnerability; and (3) this vulnerability or susceptibility facilitated the defendant's crime in some manner; that is, there was a nexus between the victim's vulnerability and the crime's ultimate success." United States v. Zats, 298 F.3d 182, 186 (3d Cir. 2002) (citation and internal quotation marks omitted). We review the question whether Afuwajomo's victim was particularly vulnerable deferentially, as it is "one in which factual nuance may closely guide the legal decision, with legal results depending heavily upon an understanding of the significance of case-specific details." Id. at 185 (citation and internal quotation marks omitted).

Afuwajomo's appeal centers on the third prong of the above-stated test, arguing that the District Court failed to find that his cousin's vulnerability facilitated the crime. He claims that "his cousin's age, hearing loss and speech impediment had absolutely no bearing on [his] ability to commit the crime. Indeed, perhaps the single most critical factor that facilitated the offense was the fact that [his cousin] lived in Nigeria, rendering

6

the fraud more difficult for him and the authorities to detect." Appellant's Br. at 13-14.

The government argues that the victim was vulnerable due to his age and handicap, both of which rendered it difficult for him to alert authorities of any possible fraud. The District Court agreed, finding that Afuwajomo "took advantage of his 14-year-old cousin and that there is, in fact, a practical impact of his conduct upon the cousin." App. at 20.

"Regardless of whether the defendant deliberately targeted the victim[] for [his] vulnerability, that vulnerability must to some degree contribute to the success of the defendant's scheme." United States v. Monostra, 125 F.3d 183, 191 (3d Cir. 1997). Here, Afuwajomo had assumed his cousin's identity for fraudulent purposes since 1987, at which time his cousin was only thirteen years old. See United States v. Cruz, 106 F.3d 1134, 1137, 1139 (3d Cir. 1997) (finding enhancement applied where victim was twelve years old, even though victim was only a passenger in the carjacked vehicle). Both the PSR and the sentencing transcript indicate that his cousin's hearing problem and speech impediment have made it difficult for him to explain to authorities that he was not, in fact, the person who had committed crimes under his identity. The District Court thus inferred that Afuwajomo's cousin was a vulnerable victim, whose identity the defendant had stolen presumably because he was a minor child with a physical handicap living in Nigeria, all of which increased the chances that the authorities would not be alerted of the identity theft. This is not clearly erroneous.

Finally, Afuwajomo's argument that the District Court should have used the

reasonable doubt standard to determine whether the enhancement applied fails under our holding in United States v. Grier, 475 F.3d 556, 565 (3d Cir. 2007) (en banc), that after Booker, "the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime." Thus, "[o]nce a jury has found a defendant guilty of each element of an offense beyond a reasonable doubt, he has been constitutionally deprived of his liberty and may be sentenced up to the maximum sentence authorized under the United States Code without additional findings beyond a reasonable doubt." Id. at 561.

**IV.**

For the above reasons, we will affirm the District Court's judgment of sentence.

_____