UNITED STATES of America, Appellant,

v.

Virginia ADLER, Defendant,

Richard J. Adler, Defendant–Appellee.

985, Docket 94–1436.

United States Court of Appeals,
Second Circuit.

Argued March 2, 1995.

Decided April 6, 1995.

Loretta C. Argrett, Asst. Atty. Gen., Washington, DC (Robert E. Lindsay, Alan Hechtkopf, Scott A. Schumacher, Attys., Tax Div., Dept. of Justice, Washington, DC, and Mary Jo White, U.S. Atty., S.D.N.Y., New York City, of counsel), for appellant.

Michael B. Cohen, New York City (Kenneth M. Tuccillo, of counsel), for defendant-appellee.

Before: WINTER and LEVAL, Circuit Judges, and SAND, District Judge.*

PER CURIAM:

The government appeals from a sentence imposed on Richard Adler by Judge Goettel following Adler's guilty plea to one count of willfully attempting to evade federal income taxes, in violation of 26 U.S.C. § 7201 (1988). On appeal, the government contends that the

_____

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

district court misapplied the United States Sentencing Guidelines (the "Guidelines") in sentencing Adler to a split sentence of six months' community confinement and six months' supervised release.

Pursuant to a cooperation agreement with the government, Adler pleaded guilty to one count of a three count indictment. The agreement stipulated, *inter alia,* that the tax loss was $333,801, resulting in a base offense level of 14 under the Guidelines' tax table. U.S.S.G. § 2T4.1 (October 1987).[1] At sentencing, the district court reduced Adler's offense level by two levels for acceptance of responsibility. Adler's offense level of 12 and criminal history category of I placed him in Zone C of the Sentencing Table with a sentencing range of 10–16 months. The court imposed a twelve month sentence. Interpreting Section 5C2.1(d) of the Guidelines to allow a split sentence, the court sentenced Adler (over the government's objection) to six months' community confinement and six months' supervised release.

The government's principal contention on appeal is that the district court misinterpreted Section 5C2.1. We review the district court's interpretation of the Guidelines *de novo.* *See United States v. Mickens,* 977 F.2d 69, 72 (2d Cir.1992). Section 5C2.1(d) provides that a Zone C defendant like Adler may satisfy his minimum term of imprisonment by:

(1) a sentence of imprisonment; or

(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement according to the schedule in [subsection (e)], *provided that at least one-half of the minimum term is satisfied by imprisonment.*

(emphasis added). Subsection (e)(2) lists community confinement as a *substitute* punishment for imprisonment. According to the district court, Sections 5C2.1(d) and (e)(2) taken together permit the court to sentence Adler to community confinement *instead of* prison. The government, however, argues that these sections require that Adler serve at least one-half of his minimum term—five months—in prison. We agree with the government that the district court's interpretation of Sections 5C2.1(d) and (e) is erroneous.

"Imprisonment" and "community confinement" are not synonyms. "Imprisonment" is the condition of being removed from the community and placed in prison, whereas "community confinement" is the condition of being controlled and restricted within the community. Moreover, as the Seventh and Ninth Circuits have already concluded, Section 5C1.1(d), the almost identically-worded successor to Section 5C2.1(d), clearly makes a distinction between imprisonment and community confinement. *See United States v. Swigert,* 18 F.3d 443, 445 (7th Cir.1994); *United States v. Latimer,* 991 F.2d 1509, 1513 (9th Cir.1993). *But see United States v. Strozier,* 940 F.2d 985, 988 (6th Cir.1991) (holding community confinement included within definition of imprisonment under Section 5D1.1(a) of Guidelines). Subsection (d)(2) allows a court to order a split sentence consisting of a term of imprisonment and a term of supervised release. The term of supervised release, but not the term of imprisonment, may be conditioned upon a period of community confinement. To read subsection (d)(2) otherwise would drain the final clause—"provided that at least one-half of the minimum term is satisfied by imprisonment"—of any meaning. So long as the requirement that one-half of the minimum term be served in prison is followed, the court may substitute community confinement for imprisonment for the balance of the minimum term, as provided in subsection (e)(2). Finally, we note that the exception to imprisonment provided by Section 5C2.1 note 6 for specific treatment purposes, such as residential drug treatment programs, is a limited one. In the instant case, the court did not indicate any therapeutic purpose in sentencing Adler to community confinement in place of imprisonment.

On appeal, Adler argues that even if the district court misinterpreted Section 5C2.1(d), the court's split sentence was a permissible downward departure from the Guidelines. At the sentencing hearing, the district court indicated that it did not believe it had to depart from the Guidelines. However, it also noted that "there are some reasons for a downward departure" and stated

---

1. Due to ex post facto concerns not at issue in this appeal, the district court sentenced Adler under the Guidelines that became effective on November 1, 1987. References to specific Guidelines sections are to that version unless the context indicates otherwise.

"if I'm misreading [Section 5C2.1(d) ], then I'll depart." At the post-sentencing hearing, the district court made clear its intention to depart by stating that the government's appeal of Adler's sentence would have to "both attack the discretionary downward departure and my understanding of [Section 5C2.1(d) ]." In light of these statements, we believe that the district court departed downwardly in sentencing Adler.

We recognize that a sentencing judge "must articulate the grounds for any departure" from the Guidelines, *United States v. Cervantes*, 878 F.2d 50, 54 (2d Cir.1989); 18 U.S.C. § 3553(c)(2) (1988) (requiring judge to state "specific reason" for departure), and the government argues that the district court should have stated more precisely the circumstances that justified its downward departure, *see* 18 U.S.C. § 3553(b) (1988); *United States v. Johnson*, 964 F.2d 124, 128 (2d Cir.1992). However, the district court sufficiently expressed its intention to depart under either Section 5H1.6 (extraordinary familial circumstances) or Section 5K2.0 (other grounds for departure). The record does indicate unusual family circumstances and a record of community service. Because the government in its brief and at oral argument did not seriously argue that there were no valid grounds for a departure, in contrast to a failure to articulate those grounds in sufficient detail, we need not address the reasonableness of the departure.

 Finally, the government contends that the district court erred in imposing a term of supervised release below the Guideline minimum. Adler pleaded guilty to attempted tax evasion, which is a Class D felony subject to a minimum of two years of supervised release under Section 5D3.2(b)(2) of the Guidelines. Adler responds that he is not subject to the two year minimum because Section 5D3.2(b)(2) fatally conflicts with the enabling statute, 18 U.S.C. §§ 3583(a), (b)(2), and because the court was not required to sentence him to a term of supervised release. Adler's claim that the Guidelines and statute are in conflict is incorrect. Section 3583(b)(2) of the statute authorizes a three year maximum (but no minimum) term of supervised release for a Class D felony. The establishment of a minimum term of super-

vised release is an appropriate exercise of the Sentencing Commission's discretion. *United States v. West*, 898 F.2d 1493, 1504 (11th Cir.1990), *cert. denied*, 498 U.S. 1030, 111 S.Ct. 685, 112 L.Ed.2d 676 (1991); *see also Mistretta v. United States*, 488 U.S. 361, 377, 109 S.Ct. 647, 657, 102 L.Ed.2d 714 (1989) (recognizing Sentencing Commission's "significant discretion in formulating guidelines"). Additionally, although Adler is correct that his offense of conviction did not require a term of supervised release, the Section 5D3.2(b)(2) minimum became applicable when the court chose to include a term of supervised release in the sentence. Nevertheless, because the district court made a valid downward departure, we will not disturb its imposition of a six month term of supervised release.

Affirmed.