**UNITED STATES of America, Appellee,**

**v.**

**Gwendolyn THOMAS, Defendant–Appellant.**

**No. 38, Docket 96–1660.**

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1998.

Decided Feb. 10, 1998.

Douglas M. Lankler, Assistant United States Attorney for the Southern District of New York (Ira M. Feinberg, of counsel), for Appellee.

Philip L. Weinstein, The Legal Aid Society, New York City, for Defendant–Appellant.

Before: CALABRESI, CABRANES, and HEANEY,* Circuit Judges.

CALABRESI, Circuit Judge:

Gwendolyn Thomas appeals from a sentence of nine months at a community correctional facility for probation violation. She argues that her original sentence—nine months' home detention followed by three years of supervised release—imposed for wire fraud, was illegal and must be vacated. She also contends that her subsequent sentence (for violating the terms of her probation) must fall because the probationary sentence was itself imposed in an invalidly amended judgment. Both parties, albeit under slightly different theories, concur that Thomas' sentences are illegal and cannot stand. In light of this agreement, and at the parties' request, we waived oral argument.[1] The parties are correct that the original sentence was erroneous and must be vacated, along with the district court's amended judgments and the sentence for violating probation, and that the case must be remanded to the district court for resentencing on Thomas' original offense.

Appellant pled guilty to wire fraud in 1995. Her Pre–Sentence Report found the applicable sentencing range to be six to twelve months, and recommended nine months' incarceration. On December 4, 1995, Judge Baer orally sentenced her to nine months'

home detention followed by three years of supervised release (in addition to a myriad of fines, restitution, and special assessments), and incorporated this sentence into a written judgment filed on December 5, 1995.

Judge Baer modified his order on December 12, 1995, to correct a clerical error in docketing numbering. He further modified his order on March 5, 1996, altering the sentence from three years of supervised release (following nine months of home detention) to three years of probation. Additionally, the court mistakenly provided that nine months of home confinement should *follow* her term of probation, rather than having the term of probation include the period of home detention as a special condition. A final modification on March 27, 1996, corrected the error in the March 5 judgment, and stated that the nine months' home confinement would be a condition of the three years' probation. This last sentence, imposing probation and setting its terms, is the one that appellant was accused of violating in the proceedings below.

Appellant was charged with cutting off the electronic ankle bracelet/monitoring device that she was required to wear as a condition of probation. A Probation Violation Hearing was held on October 4, 1996. At this hearing, appellant admitted to removing the bracelet. Various factors were discussed, including appellant's fear that she would lose her job for wearing the bracelet, and her inability to afford pantsuits that would conceal the bracelet. No-one addressed the infirmities of the original sentence. She was orally sentenced to nine months at a community correctional facility (a sentence that would allow her to keep her job), as well as to two years of supervised release.

As the government concedes, there are at least five illegal sentences in this case: first, the oral sentence of December 4, 1995; second, the written sentence issued on December 5, 1995; third, the modified sentence of March 5, 1996; fourth, the (final) modified

---

* The Honorable Gerald W. Heaney, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. We emphasize, however, that the parties' consensus, and our waiver of oral argument as they

asked, should in no way suggest that parties may "consent" or "stipulate" to the vacatur of a judgment entered in a court of law.

sentence of March 27, 1996; and fifth, the most recent October 1996 sentence.

█ In its brief, the government states that *home detention* can never be a proper sentence in its own right. It must be either (1) a condition of a term of probation or of supervised release, *see* 18 U.S.C. §§ 3563(b)(19), 3583(d); or (2) a substitution for certain minimum terms of imprisonment, *see* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5C1.1. This, the government concedes, means that the original sentence was flawed. The government's position is essentially correct, and there can be no doubt that the December 4 sentence was illegal.[2]

█ A second flaw in the original sentence was that it imposed a term of supervised release to follow a term of home confinement. It is clear that supervised release can never be imposed without an initial period of imprisonment. *See* 18 U.S.C. § 3583(a) ("The court ... may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release *after imprisonment* ....") (emphasis added); U.S.S.G. § 5D1.1 ("The court shall order a term of supervised release *to follow imprisonment* when a sentence of imprisonment of more than one year is imposed, or when required by statute," and "may order a term of supervised release *to follow imprisonment* in any other case.") (emphasis added). We agree with the government that the plain language of § 3583(a) and U.S.S.G. § 5D1.1 compels the conclusion that supervised re-

lease presupposes a period of imprisonment. It follows that, for this reason too, the original sentence was in violation of law.[3]

█ But that does not end matters. We must also consider whether the district court's subsequent modifications were permissible corrections. Under Federal Rules of Criminal Procedure 35(c) and 36, a district court does have limited authority to modify a sentence. Under Rule 35(c), a court may, within seven days, "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Rule 36's provision is narrower, and allows corrections after seven days, but only for "[c]lerical mistakes ... arising from oversight or omission."

While we have no doubt that the docket misnumberings were correctable, we do not think that the alteration of the supervised release sentence to one of probation, accompanied by the changes in the timing of the home confinement term vis-à-vis the rest of the sentence, was permitted under Rule 36. As the government also concedes, the law of our circuit is clear, and the desire of Judge Baer to correct the sentence to comport with his original intentions (that were not stated at sentencing) was not enough to justify modification under Rule 36. *See United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir.1997) ("Rule 36 ... does not authorize the court to amend the oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence.") (citing *United States v. Werber*, 51 F.3d 342, 343, 347 (2d Cir.1995)).[4]

2. We have no occasion to decide whether United States v. Adler, 52 F.3d 20, 21–22 (2d Cir.1995) (*per curiam* ) (upholding independent sentence of *community confinement* as downward departure from Guidelines) allows *home detention* to be imposed as a sentence in its own right so long as it is imposed as a downward departure from a term of imprisonment.

3. The question remains, if home detention had been properly imposed initially, whether such detention constitutes imprisonment that can itself be followed by supervised release. Our circuit has not directly addressed the matter. We have, however, held that confinement in a community correctional center was not "imprisonment." *See Adler*, 52 F.3d at 21. It would, therefore, seem to follow that home detention is also not imprisonment. Moreover, the Sixth Circuit has recently held, in a thoughtful opinion,

that home detention could not count as a previous period of "imprisonment" for purposes of calculating criminal history. *See United States v. Jones*, 107 F.3d 1147, 1161–65 (6th Cir.), *cert. denied*, — U.S. ——, 117 S.Ct. 2527, 138 L.Ed.2d 1027 (1997). We find *Jones'* reasoning to be sound, and, adapting it to the case before us, conclude that home detention, like community confinement, cannot be deemed "imprisonment" under the Guidelines (at the very least in circumstances like the instant one). And while the Supreme Court's recent decision interpreting "official detention" is not directly on point, it lends support to the Sixth Circuit's reading. *See Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

4. Rule 35(c) is, of course, inapplicable, because the correction occurred more than seven days after the original sentence.

The amended sentences were therefore "imposed in violation of law," 18 U.S.C. § 3742(e)(1), and we accordingly vacate them and remand the case to the district court, *see id.* at § 3742(f)(1). Additionally, because Thomas' original sentence was also illegal, we likewise vacate that sentence and remand for resentencing. *See* 28 U.S.C. § 2106; *United States v. Burd,* 86 F.3d 285, 288–89 (2d Cir. 1996) (noting that the courts of appeals may instruct the district courts to conduct any further proceedings that may be appropriate under the circumstances).

 It follows that there could be no violation of the probation that was illegally imposed by these now-void sentences. As a result, the sentence based on the revocation of that probation must also be vacated. We note, moreover, that the sentence actually imposed for the probation violation was itself jurisdictionally infirm for the same reason that the December 5 sentence was improper—supervised release must follow imprisonment.[5] Once again, the correct route would have been to sentence appellant to probation, and to make community confinement a condition thereof. *See* U.S.S.G. § 5B1.3(e)(1) (Nov. 1, 1997) (amending U.S.S.G. § 5B1.3(d) (Nov. 1, 1989)).

\*   \*   \*

We therefore remand for resentencing on the original wire-fraud conviction. We vacate completely the sentence and conviction of probation violation, because there was no lawfully imposed probation that was violated, and the conduct that would have violated the probation, had the probation been legally imposed, was not in itself illegal. Furthermore, because we are wiping the record clean of the probation violation, and returning to matters as they existed at the time of appellant's original sentencing, we direct the sentencing court not to consider, in its resentencing, the incident in which appellant cut off the bracelet.[6]

We recognize that the appellant's sentence in this case was comparatively light and that the district court has shown appellant great leniency and generosity throughout the proceedings. Nevertheless, Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines.

VACATED AND REMANDED.

---

**5.** *See also supra,* note 3.

**6.** It also goes without saying that any time actually served by appellant in the community treatment center for the probation violation offense must be credited against any time of home detention that might be imposed on resentencing.