**UNITED STATES of America,**
**Appellee,**

v.

**Kristin CAMPBELL, Defendant–**
**Appellant.**

No. 05–3690–CR.

United States Court of Appeals,
Second Circuit.

Dec. 21, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

Daniel S. Parker, Parker & Carmody, LLP, New York, NY, for Defendant–Appellant.

Marissa Molé, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Peter G. Neiman, Assistant United States Attorney for the Southern District of New York), New York, NY, for Appellee, of counsel.

Present: Hon. Dennis JACOBS, Hon. Chester J. STRAUB, and Hon. Rosemary S. POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Kristin Campbell ("Campbell") appeals from a judgment entered on June 30, 2005 in the United States District Court for the Southern District of New York (Berman, *J.*), following a plea of guilty to a one-count superseding information, which charged her with making a false and fictitious oral and written statement in connection with the acquisition of a firearm and ammunition from a licensed dealer, in violation of 18 U.S.C. § 922(a)(6). Campbell was sentenced to five months' imprisonment to be followed by two years' and two months' supervised release (the first five months of which Campbell was required to be in home confinement). She began serving her sentence on August 26, 2005. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Campbell claims that the court (1) committed procedural errors at sentencing (a)

by failing to consider "the concept of aberrant behavior in a non-guidelines framework," and (b) by denying a minor role adjustment under U.S.S.G. § 3B1.2; and (2) imposed a sentence of unreasonable length.

This Court reviews sentences imposed after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), for "reasonableness," *id.* at 765; reviews a district judge's interpretation of the Federal Sentencing Guidelines *de novo, United States v. Adler*, 52 F.3d 20, 21 (2d Cir. 1995) (*per curiam*); reviews findings of fact under the clearly erroneous standard, *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir.2005); and gives due deference to the district court's application of the Guidelines to the facts, *id.*

(1) Campbell contends that the district court committed a procedural error under *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), by failing to appreciate that it could consider the concept of aberrant behavior in imposing a non-Guidelines sentence, even if a downward departure pursuant to the Guidelines was not available. The district court, did, however, understand that it could impose a non-Guidelines sentence, and it declined to do so. Moreover, nothing in the record suggests that the district court failed to consider each and every § 3553(a) factor. The district court stated at least three times that it had considered all of these factors; no more is required. *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005) ("[W]e continue to believe that no specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing.").

(2) Nothing in the record suggests that the district court erred in denying a down-

ward departure under § 3B1.2. Section 3B1.2 only applies where a defendant is "substantially less culpable than the average participant"; the district court found, however, that Campbell lied on purchase forms when she bought six guns on three different occasions from three different dealers. Moreover, the district court did take into account her role in the criminal activity by sentencing her below the bottom of the applicable Guidelines range.

(3) The government and the Probation Department calculated that Campbell's adjusted offense level under the Sentencing Guidelines was 12 and that her criminal history category was I, resulting in a Guidelines range of ten to sixteen months' imprisonment. The sentence imposed is *below* the calculated Guidelines range, which, though no longer binding on the district court post-*Booker*, still provides a useful "benchmark or a point of reference" to the sentencing court "in fashioning a reasonable sentence." *United States v. Rubenstein*, 403 F.3d 93, 98–99 (2d Cir. 2005).

The Court has considered Campbell's remaining arguments and finds them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.