**UNITED STATES of America,**
**Appellee,**

v.

**Melvin WUSEBIO, a/k/a Reyes Mena–Garcia, a/k/a Pedro Mena–Garcia, a/k/a Melvin Eusebio, a/k/a Jose Rosario, a/k/a Resje Garcia, a/k/a Reyes Garcia, Defendant–Appellant.**

**No. 05–4767–cr.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2006.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Arlo Devlin–Brown, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant Melvin Wusebio ("Wusebio") appeals from a judgment of conviction entered on August 9, 2005 in the United States District Court for the Southern District of New York (Preska, *J.*) pursuant to a guilty plea to one count of illegal reentry following deportation subsequent to conviction for commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented on appeal.

This court reviews sentencing decisions by federal district courts for "reasonableness," *United States v. Booker*, 543 U.S. 220, 261–63, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005), and reviews *de novo* a district court's interpretation of the United States Sentencing Guidelines ("U.S.S.G."). *United States v. Adler*, 52 F.3d 20, 21 (2d Cir.1995) (*per curiam*).

(1) This Court has jurisdiction to review a sentence "irrespective of whether the trial judge sentences within or outside the Guidelines range." *Booker*, 543 U.S. at 260, 125 S.Ct. 738; *see also United States v. Kane*, 452 F.3d 140 (2d Cir.2006) (holding that *Booker* abrogated Circuit law by allowing appeals from within-guidelines sentences); *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006) (*per curiam*) (concluding that this Court has "authority to review sentences, whether Guidelines sentences or non-Guidelines sentences, for reasonableness").

(2) The unavailability of fast-track programs for persons charged with illegal reentry in this judicial district does not alone create "unwarranted sentence disparities" as that term is used in 18 U.S.C. § 3553(a)(6). *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006) (holding "that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable."). The district court's refusal to adjust Wusebio's sentence on that basis therefore did not render it unreasonable.

(3) Section 2L1.2(b)(1) of Sentencing Guidelines does not impermissibly double count a criminal defendant's criminal history. *United States v. Carrasco*, 313 F.3d 750 (2d Cir.2002). Employing defendant's criminal history to enhance both the offense level and defendant's criminal history category is precisely what Congress and the Sentencing Commission intended: "A conviction taken into account under subsection (b)(1) [of U.S.S.G. § 2L1.2] is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L1.2, cmt. 6. "[I]t is within the Sentencing Commission's and Congress's prerogative to adopt double counting." *United States v. Meskini*, 319 F.3d 88, 91 (2d Cir.2003) (internal quotation marks omitted). Nothing in or since *Booker* undermines that well-settled proposition. *See, e.g., United States v. Maloney*, 406 F.3d 149, 152 (2d Cir.2005) ("We have repeatedly held … that a district court calculating a Guidelines sentence may apply multiple Guide-

lines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission. While such calculations may involve 'double counting' in a literal sense, they do not involve *impermissible* double counting.") (emphasis in original). Here, the district court properly employed Wusebio's criminal history to enhance both the offense level and his criminal history category.

We conclude that the sentence imposed by the district court is reasonable.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**