United States v. Pfaff

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2009

(Argued: May 10, 2010     Decided: August 27, 2010)

Docket Nos. 09-1702-cr(L), 09-1707-cr(CON), 09-1790-cr(CON)

-------------------------------------------------------------X
UNITED STATES OF AMERICA,

    Appellee,

   - v. -

ROBERT PFAFF, RAYMOND J. RUBLE, also known as R.J. Ruble, JOHN LARSON,

    Defendants-Appellants.
-------------------------------------------------------------X

Before: JACOBS, <u>Chief Judge</u>, WINTER and McLAUGHLIN, <u>Circuit Judges</u>.

Appeal from judgments of conviction and a sentence entered in the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>) following a ten-week jury trial. In a separate summary order filed today, we AFFIRM the Appellants' convictions as well as Appellant John Larson's term of imprisonment, the only term challenged on appeal. We write this opinion to address one question: whether the district court plainly erred in imposing a fine, pursuant to 18 U.S.C. § 3571(d), based on the court's finding that Larson caused a certain pecuniary loss, when that fine exceeded the maximum fine

that would have been permitted absent the finding. We hold that the district court's fine violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and that it constituted plain error.

Therefore, we VACATE and REMAND for the district court to reconsider Larson's fine.

ALEXANDRA A.E. SHAPIRO, Marc E. Isserles, Macht, Shapiro, Arato & Isserles LLP, New York, NY, David C. Scheper, Scheper Kim & Overland LLP, Los Angeles, CA, for Defendant-Appellant Robert Pfaff.

STUART E. ABRAMS, Frankel & Abrams, New York, NY, Jack S. Hoffinger, Susan Hoffinger, Hoffinger Stern & Ross LLP, New York, NY, for <u>Defendant-Appellant Raymond Ruble.</u>

J. SCOTT BALLENGER, Lori Alvino McGill, Latham & Watkins LLP, Washington, DC (Steven M. Bauer, Margaret A. Tough, San Francisco, CA), <u>for</u> <u>Defendant-Appellant John Larson.</u>

JOHN M. HILLEBRECHT, Margaret Garnett, Justin Anderson, Katherine Polk Failla, Assistant United States Attorneys, of counsel, for Preet Bharara, United States Attorney for the Southern District of New York, <u>for</u> <u>Appellee.</u>

PER CURIAM:

Defendants-Appellants Robert Pfaff, Raymond J. Ruble, and John Larson appeal from judgments of conviction, and Larson from his sentence, entered in the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>). Following a ten-week jury trial, Appellants were convicted of tax evasion for

2

designing, implementing, and marketing fraudulent tax shelters. In a separate summary order filed today, we AFFIRM the Appellants' convictions as well as Larson's term of imprisonment, the only term challenged on appeal. Here, we address a single question: whether the district court plainly erred by fining Larson $6 million, pursuant to 18 U.S.C. § 3571(d), based on the court's finding that Larson caused a pecuniary loss in excess of $100 million, when the maximum fine absent such a finding would have been $3 million, pursuant to 18 U.S.C. § 3571(b)(3). We hold that the district court's fine violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and that it constituted plain error. Therefore, we VACATE and REMAND for the district court to reconsider Larson's fine.

**BACKGROUND**

This case, which has been called "the largest criminal tax case in American history," Stein v. KPMG, LLP, 486 F.3d 753, 756 (2d Cir. 2007), comes before us after a long and tortuous journey, the details of which are for the most part irrelevant to the issue we now address. For a complete recounting of the saga, see generally United States v. Stein, 541 F.3d 130 (2d Cir. 2008), Stein, 486 F.3d 753, United States v. Stein, 495 F. Supp. 2d 390 (S.D.N.Y. 2007), United States v. Stein, 452 F. Supp. 2d 230 (S.D.N.Y. 2006), and United States v. Stein, 435 F. Supp. 2d

3

330 (S.D.N.Y. 2006). Here, we recite only those facts pertinent to whether the district court plainly erred in fining Larson.

In December 2008, following trial, Larson was convicted of twelve counts of tax evasion under 26 U.S.C. § 7201, stemming from his involvement in the design, implementation, and marketing of fraudulent tax shelters. The jury, however, made no findings regarding the amount of pecuniary loss caused, or gain derived, by Larson through his crimes. On April 1, 2009, the district court conducted a sentencing hearing at which it found that Larson had caused a "gross pecuniary loss [in] exce[ss] [of] $100 million and that the maximum fine therefore exceeds . . . $200 million." The court calculated this maximum pursuant to 18 U.S.C. § 3571(d), which authorizes a district court to impose a fine of not more than twice the gross pecuniary loss caused by, or gain derived from, the defendant's offenses. The district court subsequently fined Larson $6 million and sentenced him to 121 months' imprisonment. Larson did not object at sentencing to the fine amount as violative of Apprendi. He now appeals the fine on precisely this ground.

**DISCUSSION**

Where a defendant fails to object to a fine below, we review the fine for plain error. See United States v. Hernandez, 85 F.3d 1023, 1031 (2d Cir. 1996). We may correct such an error only if "(1) there is an error; (2) the error is clear or

obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (brackets omitted) (internal quotation marks omitted). "Without a prior decision from this court or the Supreme Court" supporting the defendant's claim of error, the error cannot be "plain." United States v. Weintraub, 273 F.3d 139, 152 (2d Cir. 2001).

Section 3571 of Title 18 of the U.S. Code governs the imposition of criminal fines. Generally, "[a] defendant who has been found guilty of an offense may be sentenced to pay a fine." 18 U.S.C. § 3571(a). Section 3571(b) establishes a maximum for individuals based on the severity of their offense: "for a felony," an individual may be fined "not more than $250,000." Id. § 3571(b)(3). Section 3571(d), however, allows an "[a]lternative fine based on gain or loss":

> If any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Id. § 3571(d).

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court has clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

Here, the jury found Larson guilty of twelve felony offenses, but made no findings as to the pecuniary gain or loss caused by his conduct. Absent such gain or loss findings, the "statutory maximum" fine Larson could receive was $3 million, that is, $250,000 for each of his twelve convictions per 18 U.S.C. § 3571(b)(3). This amount represents the maximum fine that could be imposed based on "the facts reflected in the jury verdict." *Id.* Therefore, by fining Larson $6 million under 18 U.S.C. § 3571(d), a fine supported only by the district court's own pecuniary loss finding, the court violated *Apprendi*. *See United States v. Lagrou Distribution Sys., Inc.*, 466 F.3d 585, 594 (7th Cir. 2006) (holding that a fine in excess of § 3571's "default statutory maximum" based on a pecuniary loss finding by the trial judge contravened *Apprendi*).

The Government argues that our decisions in United States v. Reifler, 446 F.3d 65 (2d Cir. 2006), and United States v. Fruchter, 411 F.3d 377 (2d Cir. 2005), mandate that we affirm Larson's fine. We disagree. In those cases, we held that Apprendi is not implicated where district courts order criminal restitution or forfeiture based on court-determined loss or gain amounts. See Reifler, 446 F.3d at 118 (restitution); Fruchter, 411 F.3d at 382-83 (forfeiture). Critical to both decisions were our findings that criminal restitution and forfeiture are indeterminate schemes without statutory maximums. See Reifler, 446 F.3d at 118 ("[T]he [Mandatory Victims Restitution Act, 18 U.S.C. § 3663A] fixes no range of permissible restitutionary amounts and sets no maximum amount of restitution that the court may order[,] . . . [meaning the] principle that jury findings, or admissions by the defendant, establish the 'maximum' authorized punishment has no application . . . ."); Fruchter, 411 F.3d at 383 ("A judge cannot exceed his constitutional authority by imposing a punishment beyond the statutory maximum if there is no statutory maximum [as is the case with criminal forfeiture].").

This case is distinguishable because the criminal fine scheme, unlike those for restitution and forfeiture, is in fact subject to statutory maximums. See 18 U.S.C. § 3571(b) (setting the default maximum fines for individuals); id. § 3571(c) (setting the default maximum fines for organizations); id. §

7

3571(e) (stating that if a criminal offense provision itself fixes a lower maximum fine than § 3571 and expressly exempts the offense from § 3571's applicability, then the maximum fixed by the offense is controlling).  Although § 3571(d) is uncapped like the restitution and forfeiture provisions discussed in our earlier decisions—and is fashioned as an "alternative fine"—the fact remains that, absent a pecuniary gain or loss finding, a district court may not impose a fine greater than that provided for in subsections (b), (c), or (e), whichever is applicable. Therefore, it is the clear implication of Apprendi and Blakely that when a jury does not make a pecuniary gain or loss finding, § 3571's default statutory maximums cap the amount a district court may fine the defendant.

Having determined that the district court erred, we consider whether it was plain error.  While we easily conclude that the error "affected the appellant's substantial rights" and "seriously affect[ed] the fairness" of the proceedings, given that Larson received a fine twice as large as was permitted under the circumstances, Marcus, 130 S. Ct. at 2164, it is a somewhat closer question whether the error was "clear or obvious," id. Ultimately, because our conclusions flow ineluctably from Apprendi and Blakely, the error here was sufficiently clear to meet the plain error standard.  Cf. Weintraub, 273 F.3d at 152.

**CONCLUSION**

For these reasons, we VACATE Larson's fine and REMAND to the district court for further proceedings not inconsistent with this opinion.