10-2597-cr
*United States v. Velasco*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
                            *Circuit Judge*,
              J. GARVAN MURTHA,[*]
                            *District Judge.*[**]

---

UNITED STATES OF AMERICA,

                            *Appellee*,

              -v.-                                        10-2597-cr

RIGOBERTO VELASCO, AKA FLACO,

                            *Defendant-Appellant.*

---

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

[**] The Honorable Raymond J. Lohier, Jr., who was originally assigned to the panel for this appeal, recused himself and did not participate. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b).

FOR APPELLANT:     James M. Branden, New York, NY.

FOR APPELLEE:      Reed M. Brodsky, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Rigoberto Velasco appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Preska, *C.J.*), following his guilty plea to three counts of drug-related offenses.  In addition to sentencing Velasco to 188 months' imprisonment and five years' supervised release, the district court imposed a $20,000 fine, forfeiture in the amount of $5,000,000 in United States currency and three properties, and a mandatory $300 special assessment.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

Velasco contends that the imposition of the $20,000 fine was unreasonable because the district court did not

2

consider Velasco's inability to pay the fine and because the fine was excessive. We typically review the imposition of a fine for abuse of discretion, *United States v. Salameh*, 261 F.3d 271, 276 (2d Cir. 2001), but because Velasco did not challenge the fine in the proceedings below, his claim on appeal is subject to review for plain error, *see United States v. Pfaff*, 619 F.3d 172, 173 (2d Cir. 2010).

We have reviewed the record in light of Velasco's specific allegations, and we find his arguments to be wholly without merit. Velasco failed to meet his burden of demonstrating his inability to pay the fine when he refused to provide any information regarding his financial condition. *See Salameh*, 261 F.3d at 276; *United States v. Sasso*, 59 F.3d 341, 352 (2d Cir. 1995); U.S.S.G. § 5E1.2(a). Specifically, Velasco failed to complete and return a financial statement to the Probation Office. He also declined to discuss the source of money for a substantial down payment on his home and how much money he had paid to retain counsel.

Moreover, the Presentence Report, which drew no relevant objections from Velasco at sentencing, and the parties' stipulated preliminary order of forfeiture contain

3

a number of facts bearing on Velasco's ability to pay a fine.  First, Velasco had obtained millions of dollars from operating a long-term narcotics trafficking business.  Second, he had lived a lavish lifestyle, owning three real estate properties, one of which contained seven flat-screen televisions and expensive furnishings.  Third, Velasco had the means to support his partner and three children for many years.  Based on the unchallenged facts in the record and Velasco's refusal to cooperate with the Probation Office in exploring his financial resources, it was well within the district court's discretion to impose the fine.  *See Sasso*, 59 F.3d at 352.

Finally, because the $20,000 fine was within, and indeed, at the low end of the Guidelines range, we find no error in the district court's failure to make specific findings in support of the fine.  *See id.*  We have considered Velasco's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4