UNITED STATES of America,
Appellee,

v.

James BROWN, aka JB, Defendant–Appellant.

No. 13–3451.

United States Court of Appeals,
Second Circuit.

June 4, 2015.

Ryan Thomas Truskoski, Ryan Thomas Truskoski, P.A., Harwinton, CT, for Appellant.

Steven D. Clymer, Assistant United States Attorney, (Miroslav Lovric, Assistant United States Attorney, on the brief), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y., for Appellees.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

James Brown appeals from a sentence imposed in the Northern District of New York (Sharpe, C.J.) following his conviction by guilty plea for five offenses related to a conspiracy between Brown, who was incarcerated in New York state prison, and a female co-defendant, Kayla Morey, to have Morey sexually exploit minors to produce child pornography to be given to Brown upon his anticipated release from prison. We assume the parties' familiarity with the

underlying facts, procedural history, and issues for review.

We review the district court's interpretation of the Sentencing Guidelines *de novo, see United States v. Adler*, 52 F.3d 20, 21 (2d Cir.1995) (per curiam), and review the district court's findings of fact for clear error, *United States v. Kang*, 225 F.3d 260, 261 (2d Cir.2000) (per curiam).

■ Brown argues that the district court erred in applying a two-level enhancement based on its finding that his "offense involved distribution" of child pornography pursuant to U.S.S.G. § 2G2.1(b)(3) because he merely solicited images and, "[t]hus, there was no 'distribution.'" Appellant's Br. 23–24. Under the Guidelines, an "offense" includes not only the specific conduct satisfying the elements of the crime of conviction, but all conduct "relevant" to the crime as detailed in section 1B1.3. *See* U.S.S.G. § 1B1.1 cmt. n. 1(H). The district court found that Brown directed Morey to take and retain images and videos for him and that it was foreseeable to Brown that Morey would possess those images and videos with the intent to distribute them to him. *See United States v. Getto*, 729 F.3d 221, 234 (2d Cir.2013) ("A district court may sentence a defendant based on the reasonably foreseeable acts and omissions of his co-conspirators that were taken in relation to a conspiracy."). Brown's contention that all he did was "mere[ly] solicit[ ]" images from Morey, Appellant's Br. 26, ignores that there was evidence from which the district court was entitled to find that Brown recruited Morey to sexually exploit minors who were accessible to her, directed her to take pornographic photographs and videos of them, and provided instructions to her about the exact nature of the images and videos that he wanted. This was more than mere solicitation.

■ Brown contends that the district court erred in applying a two-level enhancement for being an "organizer, leader, manager, or supervisor in any criminal activity" pursuant to U.S.S.G. § 3B1.1(c). We find that the district court was entitled to conclude that the sexual exploitation of the minors and the production, transportation, and possession of child pornography would not have occurred but for Brown having recruited Morey to commit those crimes and his supervision of her.

■ Brown argues that the district court erred in applying the "multiple count" adjustment for the minors whose images were *not* found on Morey's cell phone. Because this argument is "substantially different" than the argument Brown raised in the district court, we review for plain error. *See, e.g., United States v. Ubiera*, 486 F.3d 71, 74 (2d Cir. 2007). U.S.S.G. § 1B1.2(d) allows for the creation of pseudo counts when an offender is convicted of conspiracy to commit multiple offenses. It was not plain error for the district court to create pseudo counts for the unexploited minors targeted by the conspiracy.

■ Finally, Brown argues that his sentence, which included a 720–month term of imprisonment, was substantively unreasonable. We do not find that "the sentence imposed was shockingly high … or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir.2009).

We have considered Brown's remaining arguments and find them to be without merit. For the reasons stated above, the sentence of the district court is **AFFIRMED.**