13-3451
*United States of America v. James Brown, AKA JB*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                              No. 13-3451

JAMES BROWN, AKA JB,

*Defendant-Appellant.*

_____

1

FOR APPELLANT:          Ryan Thomas Truskoski, Ryan Thomas Truskoski, P.A., Harwinton, CT.

FOR APPELLEES:          Steven D. Clymer, Assistant United States Attorney (Miroslav Lovric, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Gary L. Sharpe, Chief Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

James Brown appeals from a sentence imposed in the Northern District of New York (Sharpe, C.J.) following his conviction by guilty plea for five offenses related to a conspiracy between Brown, who was incarcerated in New York state prison, and a female co-defendant, Kayla Morey, to have Morey sexually exploit minors to produce child pornography to be given to Brown upon his anticipated release from prison.  We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

We review the district court's interpretation of the Sentencing Guidelines *de novo*, *see United States v. Adler*, 52 F.3d 20, 21 (2d Cir. 1995) (per curiam), and

2

review the district court's findings of fact for clear error, *United States v. Kang*, 225 F.3d 260, 261 (2d Cir. 2000) (per curiam).

Brown argues that the district court erred in applying a two-level enhancement based on its finding that his "offense involved distribution" of child pornography pursuant to U.S.S.G. § 2G2.1(b)(3) because he merely solicited images and, "[t]hus, there was no 'distribution.'" Appellant's Br. 23–24. Under the Guidelines, an "offense" includes not only the specific conduct satisfying the elements of the crime of conviction, but all conduct "relevant" to the crime as detailed in section 1B1.3. *See* U.S.S.G. § 1B1.1 cmt. n.1(H). The district court found that Brown directed Morey to take and retain images and videos for him and that it was foreseeable to Brown that Morey would possess those images and videos with the intent to distribute them to him. *See United States v. Getto*, 729 F.3d 221, 234 (2d Cir. 2013) ("A district court may sentence a defendant based on the reasonably foreseeable acts and omissions of his co-conspirators that were taken in relation to a conspiracy."). Brown's contention that all he did was "mere[ly] solicit[]" images from Morey, Appellant's Br. 26, ignores that there was evidence from which the district court was entitled to find that Brown recruited Morey to sexually exploit minors who were accessible to her, directed her to take

3

pornographic photographs and videos of them, and provided instructions to her about the exact nature of the images and videos that he wanted. This was more than mere solicitation.

Brown contends that the district court erred in applying a two-level enhancement for being an "organizer, leader, manager, or supervisor in any criminal activity" pursuant to U.S.S.G. § 3B1.1(c). We find that the district court was entitled to conclude that the sexual exploitation of the minors and the production, transportation, and possession of child pornography would not have occurred but for Brown having recruited Morey to commit those crimes and his supervision of her.

Brown argues that the district court erred in applying the "multiple count" adjustment for the minors whose images were *not* found on Morey's cell phone. Because this argument is "substantially different" than the argument Brown raised in the district court, we review for plain error. *See, e.g., United States v. Ubiera*, 486 F.3d 71, 74 (2d Cir. 2007). U.S.S.G. § 1B1.2(d) allows for the creation of pseudo counts when an offender is convicted of conspiracy to commit multiple offenses. It was not plain error for the district court to create pseudo counts for the unexploited minors targeted by the conspiracy.

Finally, Brown argues that his sentence, which included a 720-month term of imprisonment, was substantively unreasonable. We do not find that "the sentence imposed was shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

We have considered Brown's remaining arguments and find them to be without merit. For the reasons stated above, the sentence of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk