**UNITED STATES of America,**
**Appellee,**

v.

**Yesid Rios SUAREZ, aka Sealed**
**Defendant 2, aka El Enano,**
**Defendant–Appellant.**

**No. 14–2378.**

United States Court of Appeals,
Second Circuit.

June 30, 2015.

**6**

John Meringolo, Meringolo Law, New York, NY, for Appellant.

Adam Fee, Assistant United States Attorney (Brian A. Jacobs, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, B.D. PARKER, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Yesid Rios Suarez appeals from a judgment of conviction entered on June 30, 2014, in the United States District Court for the Southern District of New York (Forrest, J.), following Suarez's guilty plea. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

We review the district court's interpretation of the Sentencing Guidelines *de novo, see United States v. Adler,* 52 F.3d 20, 21 (2d Cir.1995) (per curiam), and review the district court's findings of fact for clear error, *see United States v. Mulder,* 273 F.3d 91, 116 (2d Cir.2001).

■ Suarez advances several arguments regarding the district court's application of various enhancements under the Sentencing Guidelines. Suarez argues that the district court erred by applying a four-point enhancement pursuant to U.S.S.G. § 3B1.1(a) for being "an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." The district court's findings were not clearly erroneous. The evidence at the *Fatico* hearing established that Suarez was one of the top two leaders of the conspiracy, and that he supervised members of the conspiracy. Suarez contends that the district court should not have applied a two-point enhancement under U.S.S.G. § 2D1.1(b)(14)(E) for committing the offense "as part of a pattern of criminal conduct engaged in as a livelihood." Judge Forrest's findings were based on the testimony of Yon Pelayo Garzon–Garzon ("Garzon") that he recalled

counting millions of dollars in cash carried by returning planes and Suarez's own admissions to the Probation Office and were not clearly erroneous. Suarez claims that Judge Forrest erred by applying a two-point enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the offense because the testimony did not show that the weapon was possessed as part of the conspiracy. An independent review of the record reveals nothing that would support an inference that it was "clearly improbable" that Suarez's possession of a weapon was unconnected with his role in the conspiracy, U.S.S.G. § 2D1.1(b)(1), cmt. 11A. Suarez argues that the district court erred when it applied a two-point enhancement under U.S.S.G. § 2D1.1(b)(3) for use of a non-commercial aircraft in the importation of a controlled substance. However, the testimony of Garzon and Luis Ramirez–Pajon shows that private aircraft were "used to import or export the controlled substance," U.S.S.G. § 2D1.1(b)(3), and the enhancement was appropriate. Suarez contends that the district court erred by applying a two-point enhancement for the direction of the use of violence pursuant to U.S.S.G. § 2D1.1(b)(2) because Garzon's testimony, which implicated Suarez in several murders, was implausible and inconsistent. The credibility determinations of the district court during a hearing are entitled to "strong deference," *United States v. John Doe # 1*, 272 F.3d 116, 124 (2d Cir.2001), and "the proper place for a challenge to a witness's credibility is in cross-examination and in subsequent argument to the [factfinder], not in an appellate brief," *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989) (internal quotation marks omitted). Finally, Suarez contends that the district court erred when it declined to order that his sentence run concurrently with the 100–month sentence imposed in connection with his conviction in Colombia. Judge

Forrest acted within her discretion when she declined to find that the Colombian conviction was based on "relevant conduct."

■ Suarez contends that his 648–month sentence was substantively unreasonable. Suarez was a leader of an international drug trafficking organization that operated for nearly twenty years and generated millions of dollars in revenue. We do not find that "the sentence imposed was shockingly high, . . . or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir.2009).

Suarez argues that the fine assessed by the district court was unconstitutionally excessive because he lacked the ability to pay. We review this contention for plain error, *see United States v. Pfaff*, 619 F.3d 172, 174 (2d Cir.2010), since Suarez did not raise it in the district court. Given Suarez's failure to carry his burden to prove his inability to pay a $1 million fine, it was within the district court's discretion to impose a the fine. *See United States v. Sasso*, 59 F.3d 341, 352 (2d Cir.1995).

We decline to rule on Suarez's claim that he received ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see also United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.2003). We see no reason to deprive a district court of the opportunity to assess the merits of Suarez's ineffective assistance claim in the first instance, if such a claim were to be brought on collateral attack under 28 U.S.C. § 2255. *See Massaro*, 538 U.S. at 506, 123 S.Ct. 1690.

We have considered Suarez's remaining arguments and find them to be without merit. For the reasons stated above and in the accompanying opinion, the judgment of the district court is **AFFIRMED,** and Suarez's claim of ineffective assistance is

DISMISSED without prejudice to his raising such a claim in a motion under Section 2255.