14-2378
*United States of America v. Yesid Rios Suarez, AKA El Enano, Sealed Defendant 2*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
          BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

         -v.-                              No. 14-2378

YESID RIOS SUAREZ, AKA SEALED DEFENDANT 2, AKA EL ENANO,

                    *Defendant-Appellant.*

_____

FOR APPELLANT:        JOHN MERINGOLO, Meringolo Law, New York, NY.

FOR APPELLEE:         ADAM FEE, Assistant United States Attorney (Brian A. Jacobs, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.  Opinions on this appeal are being filed concurrently with this summary order.

Yesid Rios Suarez appeals from a judgment of conviction entered on June 30, 2014, in the United States District Court for the Southern District of New York (Forrest, J.), following Suarez's guilty plea.  We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

We review the district court's interpretation of the Sentencing Guidelines *de novo*, *see United States v. Adler*, 52 F.3d 20, 21 (2d Cir. 1995) (per curiam), and review the district court's findings of fact for clear error, *see United States v. Mulder*, 273 F.3d 91, 116 (2d Cir. 2001).

Suarez advances several arguments regarding the district court's application of various enhancements under the Sentencing Guidelines.  Suarez

argues that the district court erred by applying a four-point enhancement pursuant to U.S.S.G. § 3B1.1(a) for being "an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." The district court's findings were not clearly erroneous. The evidence at the *Fatico* hearing established that Suarez was one of the top two leaders of the conspiracy, and that he supervised members of the conspiracy. Suarez contends that the district court should not have applied a two-point enhancement under U.S.S.G. § 2D1.1(b)(14)(E) for committing the offense "as part of a pattern of criminal conduct engaged in as a livelihood." Judge Forrest's findings were based on the testimony of Yon Pelayo Garzon-Garzon ("Garzon") that he recalled counting millions of dollars in cash carried by returning planes and Suarez's own admissions to the Probation Office and were not clearly erroneous. Suarez claims that Judge Forrest erred by applying a two-point enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the offense because the testimony did not show that the weapon was possessed as part of the conspiracy. An independent review of the record reveals nothing that would support an inference that it was "clearly improbable" that Suarez's possession of a weapon was unconnected with his role in the conspiracy, U.S.S.G. § 2D1.1(b)(1), cmt. 11A.

Suarez argues that the district court erred when it applied a two-point enhancement under U.S.S.G. § 2D1.1(b)(3) for use of a non-commercial aircraft in the importation of a controlled substance. However, the testimony of Garzon and Luis Ramirez-Pajon shows that private aircraft were "used to import or export the controlled substance," U.S.S.G. § 2D1.1(b)(3), and the enhancement was appropriate. Suarez contends that the district court erred by applying a two-point enhancement for the direction of the use of violence pursuant to U.S.S.G. § 2D1.1(b)(2) because Garzon's testimony, which implicated Suarez in several murders, was implausible and inconsistent. The credibility determinations of the district court during a hearing are entitled to "strong deference," *United States v. John Doe # 1*, 272 F.3d 116, 124 (2d Cir. 2001), and "the proper place for a challenge to a witness's credibility is in cross-examination and in subsequent argument to the [fact-finder], not in an appellate brief," *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989) (internal quotation marks omitted). Finally, Suarez contends that the district court erred when it declined to order that his sentence run concurrently with the 100-month sentence imposed in connection with his conviction in Colombia. Judge Forrest acted within her

4

discretion when she declined to find that the Colombian conviction was based on "relevant conduct."

Suarez contends that his 648-month sentence was substantively unreasonable. Suarez was a leader of an international drug trafficking organization that operated for nearly twenty years and generated millions of dollars in revenue. We do not find that "the sentence imposed was shockingly high, . . . or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Suarez argues that the fine assessed by the district court was unconstitutionally excessive because he lacked the ability to pay. We review this contention for plain error, *see United States v. Pfaff*, 619 F.3d 172, 174 (2d Cir. 2010), since Suarez did not raise it in the district court. Given Suarez's failure to carry his burden to prove his inability to pay a $1 million fine, it was within the district court's discretion to impose a the fine. *See United States v. Sasso*, 59 F.3d 341, 352 (2d Cir. 1995).

We decline to rule on Suarez's claim that he received ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003). We see no reason to deprive a

district court of the opportunity to assess the merits of Suarez's ineffective assistance claim in the first instance, if such a claim were to be brought on collateral attack under 28 U.S.C. § 2255.  *See Massaro*, 538 U.S. at 506.

We have considered Suarez's remaining arguments and find them to be without merit.  For the reasons stated above and in the accompanying opinion, the judgment of the district court is **AFFIRMED**, and Suarez's claim of ineffective assistance is **DISMISSED** without prejudice to his raising such a claim in a motion under Section 2255.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk